IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OSIA FERNANDEZ,<br># Y-11935, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )   Case No. 16-cv-01308-JPG<br>) |
| VIPIN SHAH,<br>WEXFORD HEALTH CARE SOURCES,<br>and PHIL MARTIN, | )<br>)<br>)<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Osia Fernandez, an inmate who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this action pursuant to 42 U.S.C. § 1983. According to the Complaint, Plaintiff was diagnosed with numerous food and drug allergies prior to his incarceration at Robinson. (Doc. 1, pp. 5-9). He claims that Vipin Shah (prison doctor), Phil Martin (health care administrator), and Wexford Health Care Sources ("Wexford") (private medical corporation) suspended all treatment for his allergies during his incarceration, in violation of the Eighth Amendment. *Id*. Plaintiff seeks monetary damages against these defendants. (Doc. 1, p. 10).

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations in the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the Complaint and supporting exhibits, the Court finds that the Complaint survives screening under § 1915A.

## The Complaint

Since July 2016, Plaintiff has sought medical treatment for nightly bouts of hives resulting from severe allergies. (Doc. 1, pp. 6, 9). He has seen Doctor Shah on several occasions to discuss his condition. *Id*. Plaintiff has provided Doctor Shah with documentation of his food and drug allergies from his primary physician. *Id*. Plaintiff explained that he was diagnosed with these allergies[1] prior to his incarceration and suffers from "constant[ ] . . . discomfort, pain, and itching" because of them. (Doc. 1, p. 6). To manage his allergies, Plaintiff's primary physician prescribed him hydroxyzine for use three times per day. *Id*. Plaintiff told Doctor Shah

---

[1] Plaintiff does not list his allergies in the Complaint but includes a summary of them from his medical records as an exhibit to the Complaint. (Doc. 1-1, p. 5). According to these records, he is allergic to Zithromax, peanuts, bananas, mangos, and avocados. *Id*.

that he "understood" if the doctor could not issue him his regular medication, but he requested a "simple Benadryl (antihistamine)" in its place. *Id*. Plaintiff noted that other inmates at Robinson receive Benadryl. (Doc. 1, pp. 6, 9).

In response, Doctor Shah instructed Plaintiff to "come to medical to be seen" whenever he develops hives. (Doc. 1, p. 6). Plaintiff pointed out that this is often not possible because he experiences flare-ups of his hives and severe itching around 3:00 a.m. each night. *Id*. No inmate is allowed to go anywhere at that time. *Id*. In the alternative, Doctor Shah instructed Plaintiff to purchase "allergy tablets" from the prison commissary. (Doc. 1, pp. 6-7, 9). Plaintiff did so, but insists that they "do not help at all." (Doc. 1, pp. 7, 9). Still, Doctor Shah refused to do anything to treat Plaintiff's condition, such as conferring with Plaintiff's primary physician or offering him Benadryl. *Id*.

Plaintiff has filed detailed grievances to complain about his untreated allergies. (Doc. 1, p. 7; Doc. 1-1, pp. 1-13). Phil Martin, the prison health care administrator, is aware of Plaintiff's untreated medical condition because he has reviewed these grievances. *Id*. Even so, Administrator Martin has taken no action to ensure Plaintiff's receipt of proper care. *Id*. Plaintiff also blames Wexford and Roger Matticks[2] for the denial of medical care. The private medical corporation offers incentives to employees who "stay under budget." *Id*. These policies reward employees for denying inmates medical care and resulted in the suspension of Plaintiff's treatment for allergies. (Doc. 1, pp. 7-8).

---

[2] Plaintiff did not name this individual as a defendant in the case caption or in his list of defendants. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, all claims against Robert Matticks are considered dismissed without prejudice from this action.

Plaintiff now claims that Doctor Shah, Administrator Martin, and Wexford violated the Eighth Amendment's proscription against cruel and unusual punishment by suspending his treatment for allergies and subjecting him to unnecessary pain and discomfort. He seeks monetary damages against them. (Doc. 1, p. 10).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* Complaint into the following enumerated counts:

**Count 1 -** Eighth Amendment claim against Doctor Shah for refusing to treat Plaintiff's chronic and serious allergies.

**Count 2 -** Eighth Amendment claim against Phil Martin for failing to ensure Plaintiff's receipt of adequate medical care for his allergies after reviewing numerous grievances from Plaintiff regarding the denial of medical care.

**Count 3 -** Eighth Amendment claim against Wexford for depriving Plaintiff of adequate medical care for his allergies by instituting policies and procedures that offer incentives to employees who stay under budget.

The parties and the Court will continue using these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding their merits.

### Counts 1, 2, and 3

Prison officials may not disregard a prisoner's serious medical needs and thereby inflict pain and preventable consequences of the condition as punishment. *Estelle v. Gamble*, 429 U.S. 97 (1976). This is because deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment under the Eighth Amendment. *Estelle*, 429 U.S. at 104; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state an Eighth

Amendment claim, a prisoner must show that the: (1) medical condition was serious (an objective standard), and (2) state officials acted with deliberate indifference to the prisoner's health or safety (a subjective standard).  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).  The Complaint satisfies both of these requirements for each claim.

As for the objective component, allergies may rise to the level of a serious medical need. *See, e.g., West by and through Norris v. Waymire*, 114 F.3d 646, 651 (7th Cir. 1997); *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985) (penicillin); *Steading v. Thompson*, 941 F.2d 498, 499 (7th Cir. 1991) (tobacco smoke).  This is particularly true where the allergies have been diagnosed by a physician as requiring regular treatment.  Plaintiff alleges that his primary physician diagnosed him with numerous, serous allergies (both food and drug) and also prescribed daily medications to manage them.  The allegations satisfy the objective component of Plaintiff's three Eighth Amendment claims for screening purposes.

As for the subjective component, Plaintiff alleges that Doctor Shah and Administrator Martin were fully aware of Plaintiff's allergies and the significant pain and discomfort they caused.  (Doc. 1, pp. 5-9).  These defendants were also aware that Benadryl, a less costly alternative to prescription medication, would control Plaintiff's symptoms.  *Id*.  Despite this knowledge, they suspended all forms of treatment for Plaintiff's condition.  For screening purposes, the allegations suggest that both Doctor Shah and Administrator Martin may have exhibited deliberate indifference to Plaintiff's serious medical needs.  *See, e.g., Rivera v. Gupta*, 836 F.3d 839, 842 (7th Cir. 2016) (one way to satisfy the subjective component of claim is "by showing that the prison doctor provided no treatment even though the circumstances indicated that treatment clearly was warranted"); *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658,

662 (7th Cir. 2016) (evaluating claim of deliberate indifference is less difficult when inmate alleges no treatment, as opposed to inadequate treatment).

The Court will also allow this claim to proceed against Wexford, a private health care contractor used by the Illinois Department of Corrections. Plaintiff alleges that Wexford's policy of elevating cost concerns over treatment concerns resulted in the suspension of his medical treatment. Wexford may be held liable for a violation of Plaintiff's Eighth Amendment rights, if one of its policies or practices resulted in the deprivation at issue. *Minix v. Canarecci*, 597 F.3d 824, 832 (7th Cir. 2010) (private contractors that provide medical services to prisoners are treated like municipalities for purposes of § 1983). *Estate of Novack ex rel. Turbin v. County of Wood*, 226 F.3d 525, 530 (7th Cir. 2000) (a "municipality may be liable for harm to persons incarcerated under its authority 'if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoners.'") (internal citation omitted). The policy must be the "moving force" behind the constitutional violation. *Minix*, 597 F.3d at 832 (citing *Novack*, 226 F.3d at 530-31). When construing all allegations in favor of Plaintiff, the Complaint suggests that Doctor Shah may have denied his request for treatment because of Wexford's cost-based incentive program for employees.

At this stage, Count 1 shall be allowed to proceed against Doctor Shah, Count 2 shall proceed against Administrator Martin, and Count 3 shall proceed against Wexford.

### Pending Motions

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. Plaintiff is proceeding *in forma pauperis*. Given his status as a poor person, he does not need to

file a motion seeking service of this suit on the defendants.  The Court will order service as a matter of course on those defendants who remain in the action pursuant to this screening order.

### Disposition

IT IS HEREBY ORDERED that **COUNT 1** against Defendant **VIPIN SHAH**, **COUNT 2** against Defendant **PHIL MARTIN**, and **COUNT 3** against Defendant **WEXFORD HEALTH CARE SOURCES** are subject to further review.  As to **COUNTS 1**, **2**, and **3**, the Clerk of Court shall prepare for Defendants **SHAH, MARTIN,** and **WEXFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: January 17, 2017**

    *s/J. Phil Gilbert*
    **District Judge**
    **United States District Court**